**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-02220-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey D. McHatton - 002<br>Robert B. Sproat - 003, | |
| Defendant. | |

Pending before the Court is Defendant Jeffrey D. McHatton's ("McHatton") Motion to Preclude Statements. (Doc. 265.)[1] The Government filed a Response. (Doc. 279.) For the following reasons, the Motion to Preclude Statements will be granted, and the Court will require supplemental briefing regarding whether the trials of Defendants McHatton and Robert B. Sproat ("Sproat") should be re-joined.

## I.   Background

On October 31, 2018, a federal grand jury in Tucson, Arizona issued an indictment charging McHatton, Sproat, and Robert J. Moss ("Moss") with ten counts of securities fraud. (Doc. 3.)[2] On November 8, 2018, FBI Special Agent Steven Morris served the indictment and summons on McHatton. (Doc. 265 at 1-2; Doc. 279 at 2-3.)[3] On November 9, 2018, McHatton called Agent Morris and left him a voicemail message

---

[1] Other pending motions will be resolved separately.
[2] The grand jury later issued a superseding indictment adding five counts of wire fraud. (Doc. 60.)
[3] In his Motion to Preclude Statements, McHatton states that Agent Morris served the indictment and summons on November 18, 2018, but this appears to be a typo.

stating that he wished to talk. (Doc. 265 at 2; Doc. 279 at 3.) Agent Morris returned Defendant's phone call and scheduled a time to speak with him telephonically later that day. (Doc. 279 at 3.) During the telephonic interview, Agent Morris introduced himself, noted that McHatton was not under arrest and could end the conversation at any time, and then told McHatton that he "definitely appreciate[d] . . . hearing anything that [McHatton] wan[ted to] talk about." (Doc. 279-1 at 3.) McHatton mentioned "running this money through [his] Quicksilver account" and said that he wanted to provide Agent Morris with "some background." (*Id.*) McHatton and Agent Morris then proceeded to speak at length about the conduct underlying the charges in this case. (Doc. 169-2.)

In response to Motions to Sever previously filed by Defendants McHatton and Sproat, the Government filed a notice indicating, in relevant part, its intent to use at trial in the above-captioned matter McHatton's statements to Agent Morris during the November 9, 2018 telephonic interview, as well as prior testimony that McHatton provided during a hearing before the Arizona Corporation Commission. (Doc. 169; Doc. 169-1 at 47-64; Doc. 169-2.) The Court severed the trials of McHatton, Sproat, and Moss due to Confrontation Clause concerns. (Docs. 228, 237.) Moss thereafter entered a plea of guilty (Docs. 251, 252), and his sentencing is currently scheduled for October 6, 2021 (Doc. 285). The trial of McHatton is currently scheduled for January 10, 2022 (Doc. 274), and the trial of Sproat is currently scheduled for January 31, 2022 (Doc. 260).

**II.     Motion to Preclude Statements**

In his Motion to Preclude Statements, McHatton argues that the Sixth Amendment prohibits the Government from introducing in its case-in-chief the uncounseled statements he made during the post-indictment November 8, 2018 telephonic interview with Agent Morris because the Sixth Amendment right to counsel attaches upon indictment. (Doc. 265 at 3-4.)

In its Response, the Government concedes that the Sixth Amendment right to counsel "applies to post-indictment law enforcement interrogation." (Doc. 279 at 12-14.) However, the Government argues that McHatton's voicemail message to Agent Morris

and the statements he made at the beginning of the telephonic interview are admissible in the Government's case-in-chief because Agent Morris did not deliberately elicit those statements. (*Id.* at 9, 14-19.) The Government further argues that all of McHatton's statements to Agent Morris are admissible as impeachment if McHatton testifies inconsistently at trial. (*Id.* at 14.)

The Sixth Amendment right to counsel attaches "at or after the initiation of adversary judicial proceedings against the defendant." *United States v. Gouveia*, 467 U.S. 180, 187 (1984). "[A]dversary judicial proceedings are initiated by way of formal charge, preliminary hearing, indictment, information, or arraignment," and thus the right to counsel attaches after "any of these specific proceedings." *United States v. Hayes*, 231 F.3d 663, 675 (9th Cir. 2000) (en banc) (internal quotation marks omitted). "There can be no doubt that" a defendant has "the right to have the assistance of counsel at his postindictment interviews with law enforcement authorities." *Patterson v. Illinois*, 487 U.S. 285, 290 (1988).

"[T]he Sixth Amendment is not violated whenever—by luck or happenstance—the State obtains incriminating statements from the accused after the right to counsel has attached." *Maine v. Moulton*, 474 U.S. 159, 176 (1985). But the Sixth Amendment prohibits the Government from "intentionally creating a situation likely to induce [a defendant] to make incriminating [post-indictment] statements without the assistance of counsel." *United States v. Henry*, 447 U.S. 264, 274 (1980). Accordingly, the Government is prohibited from introducing in its case-in-chief uncounseled, post-indictment statements that federal agents "deliberately elicited" from the defendant. *Massiah v. United States*, 377 U.S. 201, 206 (1964). Such statements are admissible only for impeachment purposes if the defendant testifies inconsistently at trial. *Kansas v. Ventris*, 556 U.S. 586, 594 (2009).

The Government argues that McHatton's voicemail to Agent Morris and his statements at the beginning of the November 9, 2018 telephonic interview were not deliberately elicited but, instead, "volunteered and offered by [McHatton], with [Agent

Morris] simply being a listening post." (Doc. 279 at 16.)  The Court agrees with respect to McHatton's voicemail message, as Agent Morris did nothing to elicit that message.[4]  However, by returning McHatton's call and arranging a time to speak with McHatton telephonically, Agent Morris "intentionally create[ed] a situation likely to induce [McHatton] to make incriminating statements without the assistance of counsel." *Henry*, 447 U.S. at 274.  Accordingly, the Court finds that the entirety of the statements that McHatton made during his November 9, 2018 telephonic interview with Agent Morris were obtained in violation of the Sixth Amendment.[5]  The Government is precluded from using such statements in its case-in-chief; they are admissible only for impeachment purposes if McHatton testifies inconsistently at trial.[6]

**III.   Re-Joinder of Trials**

The Government briefly argues that the trials of McHatton and Sproat should be re-joined because it no longer plans to admit in its case-in-chief the portions of McHatton's statements to Agent Morris that raise concerns under *Bruton v. United States*, 391 U.S. 123 (1968).  (Doc. 279 at 19.)  Because this argument is not adequately addressed in the parties' briefs, the Court will require supplemental briefing.  The supplemental briefing should address (1) whether the Government intends to introduce McHatton's Arizona Corporation Commission testimony at trial; and (2) whether the Arizona Corporation Commission testimony raises Confrontation Clause issues.

. . . .

. . . .

. . . .

. . . .

---

[4] Defendant's Motion to Preclude Statements does not specifically request preclusion of the voicemail message. (Doc. 265.)  The Court expresses no opinion regarding whether the voicemail message has sufficient probative value to render it admissible under Federal Rules of Evidence 401 and 403.

[5] There is no evidence that McHatton knowingly and intelligently waived his Sixth Amendment right to counsel during his telephonic interview with Agent Morris.  *See Patterson*, 487 U.S. at 296.

[6] McHatton does not argue that his post-indictment statements were coerced in violation of the Fifth Amendment.  *See Ventris*, 556 U.S. at 590 (statements coerced in violation of the Fifth Amendment are inadmissible even for impeachment purposes).

**IT IS ORDERED** that Defendant McHatton's Motion to Preclude Statements (Doc. 265) is **granted**. The Government is prohibited from introducing in its case-in-chief any statements made by McHatton during his November 9, 2018 telephonic interview with Agent Morris. Such statements may be introduced only for purposes of impeachment if McHatton testifies inconsistently at trial.

**IT IS FURTHER ORDERED** that within **fourteen (14) days** of the date this Order is filed, the Government shall file a supplemental brief addressing re-joinder, as directed above. Defendants McHatton and Sproat shall respond within **seven (7) days** of service of the supplemental brief.

Dated this 3rd day of September, 2021.

Honorable Rosemary Márquez
United States District Judge