**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-02220-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey D. McHatton - 002<br>Robert B. Sproat - 003, | |
| Defendants. | |

Pending before the Court is the Government's Motion in Limine for Pretrial Ruling Concerning Admissibility of Written Certifications and Accompanying Documents. (Doc. 291.)[1] The Government requests a pretrial ruling that, "subject to objections on the grounds of relevance, materiality, or Rule 403 of the Federal Rules of Evidence," certain specified exhibits "may be admitted into evidence without the necessity of establishing a foundation of authenticity, identification or chain of custody" and that "copies of the original documents are admissible to the same extent as the original," with all parties reserving "the right to call witnesses to explain, analyze and otherwise present" the exhibits to the jury at trial. (Doc. 291 at 1-2.)

Defendants did not respond to the Motion, and the time for doing so has expired. The Government states in the Motion that Defendant McHatton takes no position but "generally favors streamlining the trial," and that Defendant Sproat reserves non-foundational objections but has no objection to the admission of self-authenticating

---
[1] Other pending Motions will be resolved separately.

records without use of a witness. (*Id.* at 8.)

**I.     Applicable Law**

Pursuant to Federal Rule of Evidence 803(6) and 803(8), business records and public records "are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness." To constitute a business record within the meaning of Rule 803(6), a "record of an act, event, condition, opinion, or diagnosis" must satisfy the following conditions:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

To constitute a public record within the meaning of Rule 803(8), a "record or statement of a public office" must satisfy the following conditions:

> (A) it sets out:
>     (i) the office's activities;
>     (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>     (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
> (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8).

Pursuant to Federal Rule of Evidence 902(4) and 902(11), properly certified copies of public records and properly certified domestic business records are "self-authenticating," meaning "they require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902(4), 902(11). In order to use a certified business record at trial, the proponent must give the adverse parties "reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection."

1  Fed. R. Evid. 902(11).

2      Pursuant to Federal Rule of Evidence 1003, "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate."

**II.  Discussion**

    The Government provided reasonable written notice of its intent to introduce the business records at issue into evidence.  (*See* Docs. 123, 267, 290.)  Defendants have not objected to the Government's intent to use custodian affidavits and certifications in lieu of live testimony for purposes of Federal Rule of Evidence 902.  Accordingly, the Government's Motion in Limine will be granted to the extent the Government seeks to introduce certified records pursuant to Rule 902 without the necessity of live testimony from record custodians or other qualified witnesses.  The Government's Motion in Limine will also be granted to the extent the Government seeks a court ruling that duplicates of the records at issue are admissible to the same extent as the originals pursuant to Rule 1003, given that Defendants have raised no objections regarding the originals' authenticity or any other circumstances which would make introducing duplicates unfair.

    As discussed above, the Government's Motion indicates that Defendant Sproat reserves non-foundational objections to the exhibits at issue.  As the Court cannot resolve such objections without viewing the exhibits and certifications at issue, the Court will order the Government to provide copies of the exhibits and certifications at issue for the Court's review, and will take the Government's Motion in Limine under advisement to the extent it seeks a pretrial ruling that the records at issue qualify as business records and public records under Rule 803(6) and 803(8).  The Court will also require Defendants to respond to the Government's Motion and specify in their responses whether they challenge the admissibility of any of the exhibits at issue under Rules 803(6) and/or 803(8) of the Federal Rules of Evidence.

. . . .

**IT IS ORDERED** that the Government's Motion in Limine for Pretrial Ruling Concerning Admissibility of Written Certifications and Accompanying Documents (Doc. 291) is **partially granted and partially taken under advisement**, as follows:

1. The Government may introduce certified records pursuant to Federal Rule of Evidence 902 without the necessity of live testimony from record custodians or other qualified witnesses.

2. Duplicates of the records at issue are admissible to the same extent as the originals pursuant to Federal Rule of Evidence 1003.

3. Within **fourteen (14) days** of the date this Order is filed, the Government shall provide for the Court's review copies of the exhibits and certifications at issue.

4. Within **fourteen (14) days** of the date this Order is filed, Defendants shall respond to the Government's Motion and specify in their responses whether they challenge the admissibility of any of the exhibits at issue under Rules 803(6) and/or 803(8) of the Federal Rules of Evidence.

Dated this 21st day of September, 2021.

_____
Honorable Rosemary Márquez
United States District Judge