**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-02220-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey D. McHatton - 002<br>Robert B. Sproat - 003, | |
| Defendants. | |

Pending before the Court is the Government's Motion in Limine to Exclude Evidence or Argument of Victim/Investors' Fault. (Doc. 259.)[1] The Government seeks to preclude "Defendants from presenting evidence, cross-examination, or argument that victim/investors were at fault because they were accredited or sophisticated investors who either assumed the risk and/or should have known better than to invest in the Defendants' scheme." (Doc. 259 at 1.) The Government argues that evidence of the victims' investment experience is irrelevant under Federal Rule of Evidence 401 because the materiality standard for both wire fraud and securities fraud is objective. (*Id.* at 3-5.) The Government further argues that any probative value the evidence may have is significantly outweighed by a danger of unfair prejudice, misleading the jury, and confusion of the issues under Federal Rule of Evidence 403, because the evidence could lead the jury to erroneously conclude that a heightened standard applies to prove fraud against an experienced investor. (*Id.* at 1, 3, 6-7.) The Government attaches to its

---

[1] Other pending Motions will be resolved separately.

Motion excerpts of deposition testimony in which defense counsel questions victim-investors regarding whether they are "accredited" and "sophisticated" investors. (Docs. 259-1, 259-2.)

Defendant Jeffrey McHatton filed a Response, arguing that the Government has opened the door to cross-examination of the victim-investors regarding their investing background and religious beliefs by questioning the victims about their investing background and religious beliefs during the victims' depositions and by attempting to portray the victims as "infirm[,] elderly[,] vulnerable[,] church-going[,] [and] gullible.". (Doc. 264 at 2-4.)   McHatton also argues that evidence of the victim's investing background is relevant because a defendant must act with the intent to deceive and cheat to be guilty of wire fraud and securities fraud, and that, like "the much more sophisticated" victim-investors, he believed in the truth of statements made by Moss, Twyman and Sproat.  (*Id.* at 4-6.)

In reply, the Government argues that asking the victim-investors background information about themselves does not open the door to McHatton shifting blame to the victim-investors, presenting evidence of victims being "sophisticated" or "accredited" investors, or arguing that a different legal standard exists to prove fraud committed against experienced investors.  (Doc. 280 at 2-6.)  The Government further argues that it will not introduce evidence that the victim-investors were "gullible," and that introducing evidence of the victim-investors' religious faith will explain how Defendants gained the victim-investors' trust and does not open the door to cross-examination regarding the victim-investors' status as experienced investors.  (*Id.* at 6.)  Finally, the Government argues that nothing in its Motion in Limine seeks to preclude Defendant from denying knowledge or intent to defraud. (*Id.* at 7.)

The Court will grant the Government's Motion in Limine to the extent it seeks to preclude Defendant from blaming the victim-investors, introducing evidence of the victim-investors' status as "accredited" or "sophisticated" investors, or arguing that a different legal standard exists to prove fraud against experienced investors.  Evidence of

the victims' status as "sophisticated" or "accredited" investors is not relevant to any element of the charged offenses, nor is it relevant to a defense based on lack of knowledge or intent to defraud. *See* Fed. R. Evid. 401. To the extent that such evidence has any relevance, its probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, and confusion under Rule 403. If, however, the Government introduces at trial evidence that the victim-investors were infirm, elderly, vulnerable, church-going, or gullible, such evidence may open the door to cross-examination concerning the victims' investment experience and sophistication.[2]

**IT IS ORDERED** that the Government's Motion in Limine (Doc. 259) is **granted**, as set forth above.

Dated this 22nd day of October, 2021.

_____
Honorable Rosemary Márquez
United States District Judge

---

[2] The Government may introduce evidence that Defendants met the victim-investors through church without opening the door to such cross-examination, but eliciting testimony that the victim-investors trusted Defendants because they believed Defendants were men of faith may open the door.