**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jeffrey D. McHatton - 002<br>Robert B. Sproat - 003,<br><br>　　　　　Defendants. | No. CR-18-02220-002-TUC-RM (EJM)<br><br>**ORDER** |

　　　　In an Order dated September 21, 2021, the Court partially granted and partially took under advisement the Government's Motion in Limine for Pretrial Ruling Concerning Admissibility of Written Certifications and Accompanying Documents. (Doc. 310.)  The Court held that the Government may introduce certified records pursuant to Federal Rule of Evidence 902 without the necessity of live testimony from record custodians or other qualified witnesses, but it took the Government's Motion under advisement to the extent it seeks a pretrial ruling that the records at issue qualify as business records and/or public records under Federal Rules of Evidence 803(6) and 803(8). (*Id.* at 3-4.)  The Court ordered the Government to provide copies of the exhibits and certifications at issue for the Court's review, and it ordered Defendants to respond to the Government's Motion and specify in their responses whether they challenge the admissibility of any of the exhibits at issue under Rules 803(6) and/or 803(8). (*Id.*)

　　　　After the Court issued its September 22, 2021 Order, Defendant Jeffrey McHatton filed a Response to the Government's Motion in Limine for Pretrial Ruling Concerning

Admissibility of Written Certifications and Accompanying Documents. (Doc. 314.) Defendant Robert Sproat did not file a response.

In his Response, Defendant McHatton challenges only the documents that he produced in response to an Arizona Corporation Commission ("ACC") administrative demand in 2016. (Doc. 314 at 2.) With respect to those documents, McHatton argues (1) that foundation is necessary because the documents are not self-authenticating; (2) that, pursuant to *Braswell v. United States*, 487 U.S. 99 (1988), the Government's foundational witness may not introduce evidence that the ACC served a subpoena on McHatton or that the documents were received from McHatton; and (3) admission of documents that identify McHatton as the custodian of records for The Fortitude Foundation ("TFF") would violate *Braswell*. (*Id.* at 2-4.) McHatton does not challenge the admissibility of any of the exhibits at issue under Rules 803(6) or 803(8). (*See id.*)

In *Braswell*, the Supreme Court held that a custodian of corporate records may not resist a subpoena for such records on the ground that the act of producing the records would constitute self-incrimination in violation of the Fifth Amendment to the United States Constitution. 487 U.S. at 100, 117. The Court clarified that, because the act of production of the records is deemed an act of the corporation rather than the individual, the Government may not, in a criminal prosecution against the custodian, introduce evidence that the subpoena was served on the custodian or that the custodian produced the corporation's documents. *Id.* at 118. "The Government has the right, however, to use the corporation's act of production against the custodian" by offering "testimony—for example, from the process server who delivered the subpoena and from the individual who received the records—establishing that the corporation produced the records subpoenaed." *Id.*

It appears that the Government intends to introduce a number of TFF records that McHatton produced in response to the 2016 ACC administrative demand.[1] Exhibit 272

---

[1] It is not clear from McHatton's Response which of the TFF records were produced in response to the ACC subpoena. It appears that Exhibits 271, 272, 274-305, 288A, and 305A were likely produced in response to the subpoena, but it is unclear whether Exhibits 314-320 were also produced in response to the subpoena.

includes a letter dated April 13, 2016 to ACC Special Investigator W.H. Santee, with an enclosed Affidavit of Custodian of Records signed by Jeffrey McHatton as the custodian of records for TFF.

Due to *Braswell* concerns, the Government cannot use McHatton's affidavit of custodian of records in order to self-authenticate the TFF records under Federal Rule of Evidence 902(11). Instead, the Government must call a witness who can offer testimony establishing that TFF produced the records subpoenaed. Pursuant to *Braswell*, the Government's foundational witness may testify that the subpoena was delivered to TFF and that TFF produced the records in response to the subpoena, but the foundational witness may not testify that the subpoena was served on McHatton or that McHatton produced TFF's records. Any exhibits that name McHatton as the custodian of records for TFF must be redacted so as to eliminate that reference.

With respect to the remaining exhibits, the Court reaffirms its prior holding that the Government may introduce certified records pursuant to Federal Rule of Evidence 902 without the necessity of live testimony from record custodians or other qualified witnesses. Furthermore, based on the Court's review of the exhibits and given that Defendants have raised no challenges to the admissibility of the exhibits as business or public records despite two opportunities to do so, the Court finds that the exhibits at issue qualify as business records and/or public records under Federal Rules of Evidence 803(6) and 803(8).

**IT IS ORDERED** that the Government's Motion in Limine for Pretrial Ruling Concerning Admissibility of Written Certifications and Accompanying Documents (Doc. 291) is **partially granted**, and the Court's September 21, 2021 Order (Doc. 310) is **partially modified and partially re-affirmed**, as follows:

1. The exhibits at issue qualify as business records and/or public records under Federal Rules of Evidence 803(6) and 803(8).
2. Duplicates of the records at issue are admissible to the same extent as the originals pursuant to Federal Rule of Evidence 1003.

3. The Government must produce a foundational witness or witnesses to authenticate documents produced by McHatton in response to the 2016 administrative demand by the Arizona Corporation Commission. The authenticating witness(es) may not testify that McHatton was served with the subpoena or that McHatton produced the records. Any exhibits naming McHatton as the custodian of records for TFF shall be redacted.

4. For the remaining exhibits, the Government may introduce certified records pursuant to Federal Rule of Evidence 902 without the necessity of live testimony from record custodians or other qualified witnesses.

Dated this 15th day of November, 2021.

_____
Honorable Rosemary Márquez
United States District Judge