WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-02220-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey D. McHatton - 002<br>Robert B. Sproat - 003, | |
| Defendants. | |

The Government has requested the Court instruct the jury on co-schemer liability as set forth in Ninth Circuit Model Criminal Jury Instruction 15.33. (Doc. 422 at 13.) At the Final Pretrial Conference held on June 16, 2022, the Government requested that the Court rule on the proposed co-schemer jury instruction prior to opening statements. The Government also indicated it is dropping the wire fraud charges alleged in the Superseding Indictment and proceeding only with the securities fraud charges alleged in Counts One through Ten.

The Comment to Model Instruction 15.33 states that, when the co-schemer liability instruction is appropriate, it should be provided in addition to the mail fraud, wire fraud, or bank fraud instructions. The Comment does not indicate that Model Instruction 15.33 should be given in conjunction with the securities fraud instruction. The mail fraud, wire fraud, and bank fraud statutes and instructions require a scheme to defraud. *See* 18 U.S.C. §§ 1341, 1343, 1344, 1346; *see also* Ninth Circuit Model Criminal Jury Instructions 15.32, 15.34, 15.35, 15.39. In contrast, establishing a

violation of 15 U.S.C. § 78j(b) or 17 C.F.R. § 240.10b-5 does not necessarily require proof of a scheme to defraud, nor does the securities fraud instruction, Model Instruction 15.47, necessarily require a finding of a scheme to defraud.  None of the cases cited in the Comment to Model Instruction 15.33 involve securities fraud charges.  Whereas the wire fraud portion of the Superseding Indictment in the above-captioned case clearly alleges a scheme to defraud, the securities fraud portion merely alleges a joint venture rather than a scheme to defraud.  (Doc. 60.)

Accordingly,

**IT IS ORDERED** that the Court preliminarily finds that Ninth Circuit Model Criminal Jury Instruction 15.33 does not, at this time, appear to be appropriate.  The parties are granted leave to re-raise this issue with the Court after the presentation of evidence at trial.

Dated this 23rd day of June, 2022.

_____
Honorable Rosemary Márquez
United States District Judge