**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-02220-002-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey D. McHatton - 002 | |
| Defendant. | |

Pending before the Court is Defendant Jeffrey D. McHatton's Motion for Admission of Video Testimony and Prior Testimony. (Doc. 428.) In the Motion, Mr. McHatton asks the Court to allow defense witness Gordon Hunsucker to testify remotely from Florida on the grounds that Mr. Hunsucker is 65 years old, suffers severe cervical and lumbar pain that makes traveling difficult, and lacks funds. (*Id.* at 1-2.) Mr. McHatton also asks the Court to admit the prior testimony of Vern Twyman from hearings held before the Arizona Corporation Commission ("ACC"). (*Id.* at 2-4.) Mr. McHatton argues that the prior testimony of Mr. Twyman is admissible under Federal Rule of Evidence 804(b)(1) because Mr. Twyman is unavailable to testify at trial and an administrative securities attorney had the opportunity and a similar motive to cross-examine Mr. Twyman during the ACC hearings. (*Id.* at 4.)

The Government objects to Mr. McHatton's Motion on timeliness grounds and on the merits. (Docs. 438, 444.) With respect to the merits, the Government argues (1) that Mr. McHatton cannot show that Mr. Hunsucker is unavailable to testify at trial, (2) that allowing Mr. Hunsucker to testify by video would prejudice the Government's right to a

fair trial because Mr. Hunsucker is a key witness; and (3) that the prior testimony of Mr. Twyman is not admissible under Rule 804(b)(1) because the United States of America was not a party to the ACC civil securities fraud case, and any cross-examination of Mr. Twyman by ACC counsel is not a substitute for Government cross-examination at this criminal trial. (Docs. 438, 444.)

The pretrial motion and motion in limine deadlines have expired, and the Court reminded the parties at a status conference held on January 20, 2022 that no further motions would be entertained in this case. (Doc. 408.) The Court finds that Mr. McHatton's Motion to admit the prior testimony of Mr. Twyman could and should have been raised earlier in these proceedings. Accordingly, the Motion will be denied as untimely.[1]

The Court will entertain Mr. McHatton's Motion to allow Mr. Hunsucker to testify by video, as it appears that Mr. McHatton only recently learned of the grounds for that Motion. Mr. Hunsucker has represented that he suffers from cervical and lumbar pain that makes traveling from Florida difficult for him; the Court finds this representation sufficient to warrant allowing Mr. Hunsucker to testify remotely by video teleconference technology. The jury will be able to evaluate Mr. Hunsucker's demeanor by video, and no Sixth Amendment Confrontation Clause concerns are at play. *See United States v. Fox*, No. CR-16-0100-JCC, 2018 WL 1517674, at *2 (W.D. Wash. Mar. 28, 2018).[2]

Accordingly,

**IT IS ORDERED** that Defendant McHatton's Motion to Admit Video Testimony and Prior Testimony (Doc. 428) is **partially granted and partially denied**, as follows:

. . . .

. . . .

---

[1] Furthermore, Mr. Twyman's prior testimony is not admissible under Federal Rule of Evidence 804(b)(1) because it is not being offered against a party who had an opportunity and similar motive to develop it by direct, cross-, or re-direct examination. The United States of America was not a party to the ACC case in which Mr. Twyman testified.

[2] The Court notes that Defendants have agreed to the introduction of depositions and video testimony of multiple Government witnesses in this trial.

1. The Motion to Admit Video Testimony of Gordon Hunsucker is **granted**. Mr. Hunsucker will be permitted to testify via video teleconference technology. Mr. McHatton shall ensure that Mr. Hunsucker has the technical capabilities to testify by video and that he has access to copies of all necessary exhibits.
2. The Motion to Admit Prior Testimony of Vern Twyman is **denied as untimely**.

Dated this 27th day of June, 2022.

_____
Honorable Rosemary Márquez
United States District Judge