**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-02220-002-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey D. McHatton - 002<br>Robert B. Sproat - 003, | |
| Defendants. | |

Pending before the Court is Defendant Jeffrey D. McHatton's Motion for New Trial (Doc. 505), which Defendant Robert B. Sproat joins (Doc. 507). The Government filed a Response in opposition. (Doc. 518.) Defendant McHatton filed a Reply. (Doc. 531.)

**I.    Background**

Defendants were charged by superseding indictment with ten counts of securities fraud in violation of 15 U.S.C. § 78j(b), 15 U.S.C. § 78ff, and 17 C.F.R. § 240.10b-5. (Doc. 60.)[1] They were tried before a jury over the course of approximately two and a half weeks beginning on June 24, 2022. The jury began deliberating during the afternoon of July 12, 2022 and resumed deliberations the following day, July 13, 2022. (Docs. 485, 513.)

During the afternoon of July 13, 2022, the foreperson of the jury sent a written note to the Court stating: "The jury is at an impasse. We need advice as to next steps." (Docs. 485, 500.) The Court sent the jury a written question asking if coming back the next day would help. (Doc. 500.) The foreperson responded in writing: "No, we don't think

---
[1] Defendant McHatton was also charged with six counts of wire fraud (Doc. 60), but the Government moved to dismiss the wire fraud charges prior to trial (Docs. 446, 454).

breaking today and resuming tomorrow will change our impasse." (*Id.*)

The Court then held a hearing outside the presence of the jury. (Doc. 485.) During the hearing, the Government orally moved for an *Allen* charge, and Defendants objected. (*Id.*; Doc. 510 at 3-8.) The Court called the jury into the courtroom and asked the foreperson if there was any reasonable probability that the jury could reach a unanimous verdict on all counts if sent back to the jury room for further deliberations. (Doc. 510 at 8.) The foreperson responded: "At this time we have said that, no, not a unanimous verdict on all counts." (*Id.*) The foreperson further stated that a minority of jurors did not believe a unanimous verdict could be reached on all counts if the jury continued deliberating the following day. (*Id.* at 8-9.) The Court polled the jury to determine if all jurors agreed with the foreperson's statements, and all jurors agreed. (*Id.* at 9.) The Court then asked the foreperson if the jury had reached unanimous agreement as to some counts, and the foreperson said "No." (*Id.* at 11.) The Court excused the jurors for the evening and instructed them to return the following morning. (*Id.*)

When the jury arrived the next morning, the foreperson sent the Court a written note stating: "We would like to continue to try to deliberate." (Doc. 500.) The Court held another hearing outside the presence of the jury. (Doc. 487; Doc. 520 at 3-8.) The Court explained during that hearing that it had asked the jury to return for further deliberations due to the complexity of the case, the length of the trial, and the number of witnesses. (Doc. 520 at 3-4.) The Court also noted that the foreperson had emphasized the word "all" when stating that the jury would not be able to reach a unanimous verdict on all counts, and had hesitated in a way that indicated the possibility of a unanimous verdict on some counts. (*Id.* at 4.) The Government renewed its oral motion for a standard *Allen* charge, but the Court instead proposed to instruct the jury as follows:

> By asking you to return today, I do not want to convey that you must deliberate until you reach a unanimous verdict. You should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors of for the mere purpose of returning a verdict. If at any time today you feel you would not be able to reach a unanimous verdict, please let Sandy know and you will be excused.

(*Id.* at 3.) Counsel for Defendant McHatton stated that the Court's proposed instruction was "well said." (*Id.* at 5.) He asked that the Court refer to "conscientiously held beliefs" instead of honest beliefs but conceded that the term "honest belief" is used in the Ninth Circuit Model Criminal Jury Instruction for a deadlocked jury. (*Id.* at 5-6.) Counsel for Defendant Sproat stated that he had no objection to the Court's proposed language and asked the Court to give the proposed instruction as quickly as possible. (*Id.* at 8.) The Court called the jury into the courtroom and read the special instruction. (*Id.* at 8-9.)

The jury deliberated all day on July 14, 2022 and continued deliberating on July 15, 2022. (Docs. 487, 488.) During the afternoon of July 15, 2022, the jury returned a verdict of guilty on Counts 1-10 of the superseding indictment as to both Defendants. (Docs. 488, 501.)

## II. Discussion

Upon a defendant's motion, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

Defendants argue that the interest of justice requires a new trial in this case because the Court engaged in coercive conduct by requiring the jury to return for further deliberations after the jury had indicated further deliberations would not help, and by giving the jury a modified *Allen* charge. (Doc. 505 at 7-8; Doc. 507.) The Government argues in response that the "record clearly indicates the jury was not improperly coerced in any way to reach a unanimous verdict," and that the Court's special instruction, to which neither Defendant objected, "informed the jury that it was not required or obligated to reach a unanimous verdict," that jurors should not change their honest beliefs, and that the jurors would be excused if they felt unable to reach a unanimous verdict. (Doc. 518 at 4-5.) The Government further notes that the Court "had no indication as to specifically which jurors were in the minority or the exact breakdown of the jury during deliberations." (*Id.* at 5.)

"[A] district judge's *Allen* charge is upheld in all cases except those where it's clear from the record that the charge had an impermissibly coercive effect on the jury." *United States v. Ajiboye*, 961 F.2d 892, 893 (9th Cir. 1992) (internal quotation marks omitted). In

assessing the coerciveness of an *Allen* charge, courts examine "(1) the form of the instruction, (2) the time the jury deliberated after receiving the charge in relation to the total time of deliberation and (3) any other indicia of coerciveness." *United States v. Steele*, 298 F.3d 906, 911 (9th Cir. 2002); *see also United States v. Hernandez*, 105 F.3d 1330, 1334 (9th Cir. 1997) (a verdict returned immediately after the giving of an *Allen* charge may indicate impermissible coercion if the total time of deliberation is disproportionate to the task before the jury).

If the trial judge "inquires into the numerical division of the jury and then gives an *Allen* charge, the charge is per se coercive." *Ajiboye*, 961 F.2d at 893-94. The charge is also impermissibly coercive when the trial judge inadvertently learns of the jury's numerical division and the holdout jurors are aware the judge knows they are holdouts, because in that situation the "holdout jurors could interpret the [*Allen*] charge as directed specifically at them." *Id.* at 894. For example, in *United States v. Sae-Chua*, the Ninth Circuit Court of Appeals held that a modified *Allen* charge was impermissibly coercive because the trial judge knew the numerical division of the jury and the identity of the only juror who was not in favor of conviction, and the dissenting juror "was aware of the fact that the judge possessed [that] knowledge." 725 F.2d 530, 531-32 (9th Cir. 1984). In contrast, in *Ajiboye*, the Ninth Circuit held that an *Allen* charge was not impermissibly coercive because the trial judge "did not know the identity of the holdouts," the trial judge instructed the jurors "not to surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict," and the jury "deliberated for two additional days following the charge." 961 F.2d at 894 (internal quotation marks omitted); *see also United States v. Lorenzo*, 43 F.3d 1303, 1307-08 (9th Cir. 1995) (finding nothing to indicate *Allen* charge was coercive where trial judge did not know the identity of the holdout juror and did not know whether the majority position was to convict or acquit).

The present case more closely resembles *Ajiboye* than *Sae-Chua*. Here, unlike in *Sae-Chua*, the Court did not know "the nature and extent of the jury's numerical division." *Sae-Chua*, 725 F.3d at 531. Furthermore, the Court did not give a standard *Allen* charge

but, instead, gave the jury a special instruction informing the jury that it did not need to deliberate until reaching a unanimous verdict, that jurors should not change honest beliefs "as to the weight or effect of the evidence solely because of the opinions" of other jurors or "for the mere purpose of returning a verdict," and that the jury would be excused at any time if the jurors felt they "would not be able to reach a unanimous verdict." (Doc. 520 at 9.)[2] Neither defendant objected to the Court giving the jury the special instruction.[3] (*Id.* at 5-6, 8.) The jury did not return a verdict immediately after the Court read the special instruction; instead, the jury deliberated for nearly two more days, with the total time of deliberations being proportionate to the complexity of the case and "indicative of a jury working carefully and progressing in its deliberation." *United States v. Cuozzo*, 962 F.2d 945, 952 (9th Cir. 1992).

Because the record does not indicate that the jury was impermissibly coerced into reaching a unanimous verdict, Defendants have not shown that the interest of justice requires a new trial.

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[2] Defendants argue that "the very act of ordering the jury back for a third day of deliberations, after asking over and over if further deliberations would help, and receiving uniform and resounding 'no's' was in effect an order to keep deliberating." (Doc. 505 at 7.) The Ninth Circuit has rejected similar arguments that questioning jurors regarding the progress of deliberations and then returning them for further deliberation is equivalent to giving an *Allen* charge. *See United States v. Cuozzo*, 962 F.2d 945, 951 (9th Cir. 1992).

[3] In his Reply, Defendant McHatton argues for the first time that the Court's supplemental instruction implied that an individual dissenting juror would need to write a note identifying himself or herself in order to be excused. (Doc. 531 at 2-3.) The Court finds that McHatton waived this argument by raising it for the first time in his Reply. *See Eberle v. Cty. of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). Furthermore, when read as a whole, the supplemental instruction clearly uses the plural "you" to refer to the jury rather to an individual juror.

**IT IS ORDERED** that Defendants' Motion for New Trial (Docs. 505, 507) is **denied**.

Dated this 2nd day of September, 2022.

_____
Honorable Rosemary Márquez
United States District Judge